IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA LIGGINS<br>1246 N. 53rd Street<br>Philadelphia, PA 19131 | :<br>:<br>: | |
| | : | CIVIL ACTION |
| Plaintiff, | :<br>: | DOCKET NO.: |
| v. | :<br>: | |
| PUBLIC HEALTH MANAGEMENT<br>CORPORATION<br>1500 Market Street<br>Philadelphia, PA 19102 | :<br>:<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendant. | :<br>: | |

## CIVIL ACTION COMPLAINT

Natasha Liggins (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against Public Health Management Corporation (*hereinafter* referred to as "Defendant") for violations of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et. seq.*), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et. seq.*), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO"). Plaintiff asserts, *inter alia*, that she experienced unlawful workplace discrimination and retaliation, culminating in her termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks

redress for violations of civil rights violations under the ADA and the FMLA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Public Health Management Corporation is a non-profit entity operating and headquartered in Eastern Pennsylvania. This entity employs at least 2,500 employees, operates nearly 350 programs, and provides a variety of educational and health-related services.

8. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant effective on or about October 2, 2017; and in total, Plaintiff was employed with Defendant for approximately 2 years. Plaintiff was employed for Defendant based at its headquarters (within Market Street in Philadelphia, Pennsylvania).

11. Plaintiff was at all relevant times while in the employ of Defendant working in the role of Parent-Child Home Program Site Coordinator.

12. From on or about June 26, 2019 through September 18, 2019, Plaintiff sought and was approved for leave under the Family and Medical Leave Act ("FMLA"). Plaintiff had been pregnant, gave birth, and recovered medically during this timeframe (all of which is FMLA-qualifying).

13. Plaintiff was terminated by Defendant on September 30, 2019, which is 8 business days (or 12 calendar days) after returning from leave under the FMLA.

14. Defendant has defended post-termination and during administrative (pre-lawsuit) legal proceedings by claiming (and <u>admitting</u>): (1) ***it decided*** to terminate Plaintiff even ***prior to her return*** from (and during) FMLA (although her termination took place on September 30, 2019; and (2) Plaintiff's termination was due to budgetary reasons.

15. Plaintiff's last physical day of work and her effective termination took place on September 30, 2019. However, Plaintiff's termination was irrefutably discriminatory and retaliatory for, *inter alia*, the following reasons:

    a. Defendant admits to making the decision to terminate Plaintiff while she was on FMLA and **during** her federally protected leave;

b. Plaintiff's actual adverse action and termination on September 30, 2019 was **in exceedingly close temporal proximity** to her return from FMLA leave on Sept 18, 2019;

c. Defendant's termination of Plaintiff for a reduction in force, job elimination, or budgetary reasons is pretextual as Plaintiff was the **only person** selected in her department for such an alleged reduction in force. Reductions in force of a single person who happens to be utilizing FMLA leave are highly unlikely, as such reductions (that are legitimate) *normally impact a substantial part of a workforce*;

d. Plaintiff was 1 of nearly 5-7 site coordinators (in her department) at any given time who performed similar roles just handling different assigned geographic territories. Even if hypothetically, there was a true need for a reduction-in-force of a single person, Plaintiff was not the least senior or least tenured person or least qualified person performing her role. Defendant would have terminated someone less tenured in the role (if it were legitimate);

e. Plaintiff had no warnings, discipline or other admonishment – and to the contrary – was a very good performer (receiving very good evaluations and accolades);

f. Plaintiff applied for numerous alternative jobs upon termination notification, and she was denied or ignored as to any such opportunities (despite being better qualified than other applicants). And Defendant has a long history of finding alternative jobs or making up jobs for anyone who may be affected by a budgetary issue (when legitimate); and

g. Nearly a year after Plaintiff was terminated, Defendant advertised as needing a site coordinator – but when Plaintiff applied – Defendant removed the posting and claimed it was no longer in need of another site coordinator.

16. Plaintiff was identified in evaluations during her employment as exceeding expectations, being a solid performer, and she was even given a positive reference following her termination by Defendant's management.

17. Despite the foregoing, Plaintiff was: (1) selectively and disparately chosen for termination; (2) not given an alternative job or role like others; (3) denied other open job opportunities; (4) not considered for a site coordinator role when it was suddenly (and

4

ostensibly) within Defendant's budget; and (5) in essence blackballed from working for Defendant.

18. The adverse actions taken against Plaintiff as outlined in this lawsuit were due to her pregnancy, her request for maternity leave, and use and/or exercise of FMLA. Defendant's termination selection of Plaintiff and discrimination / retaliation thereafter was so blatant as to constitute *willful* and intentional actions on its part.

### First Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
([1] Interference; and [2] Retaliation)

19. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

20. Plaintiff was eligible for, qualified for, and approved for federally-protected FMLA leave.

21. Defendant has conceded to deciding to terminate Plaintiff **during** her FMLA leave although Plaintiff's effective termination took place 8 business days after her return from FMLA leave. Defendant's decision to terminate Plaintiff during Plaintiff's FMLA leave and to not permit realistic reinstatement to the same or similar position constitutes unlawful FMLA interference.

22. Plaintiff's termination on account of her using FMLA, exercising her FMLA rights, and for requesting FMLA leave - - all constitutes unlawful retaliation under the FMLA.

23. Plaintiff was also not hired for numerous available roles, offered an alternative role, or hired for a subsequent site coordinator job position due to her prior FMLA needs, exercise of FMLA rights, and in retaliation for her asserting unlawful discrimination or retaliation complaints about and concerning Defendant.

24. Defendant's actions aforesaid constitute unlawful interference and retaliation in violation of the FMLA. Additionally, the facts, circumstances and implicit and explicit actions towards Plaintiff amply demonstrate willfulness and intent to violate the FMLA.

### Second Cause of Action
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### ([1] Pregnancy Discrimination; and [2] Retaliation)

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff was terminated on account of her pregnancy, gender, and request for maternity leave.

27. Plaintiff was also not hired for numerous available roles, offered an alternative role, or hired for a subsequent site coordinator job position due to her prior maternity needs, pregnancy, and in retaliation for her asserting unlawful discrimination or retaliation complaints about and concerning Defendant.

28. These actions as aforesaid constitute violations of the Pennsylvania Human Relations Act ("PHRA").

### Third Cause of Action
### Philadelphia Fair Practices Ordinance ("PFPO")
### ([1] Pregnancy Discrimination; and [2] Retaliation)

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff was terminated on account of her pregnancy, gender, and request for maternity leave.

31. Plaintiff was also not hired for numerous available roles, offered an alternative role, or hired for a subsequent site coordinator job position due to her prior maternity needs,

pregnancy, and in retaliation for her asserting unlawful discrimination or retaliation complaints about and concerning Defendant.

32. These actions as aforesaid constitute violations of the Philadelphia Fair Practices Ordinance ("PFPO").

## Fourth Cause of Action
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Pregnancy Discrimination; and [2] Retaliation)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was terminated on account of her pregnancy, gender, and request for maternity leave.

35. Plaintiff was also not hired for numerous available roles, offered an alternative role, or hired for a subsequent site coordinator job position due to her prior maternity needs, pregnancy, and in retaliation for her asserting unlawful discrimination or retaliation complaints about and concerning Defendant.

36. These actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.

Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

  C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

            Respectfully submitted,

            **KARPF, KARPF & CERUTTI, P.C.**

    By: _____
            Ari R. Karpf, Esq.
            3331 Street Road
            Two Greenwood Square
            Building 2, Ste. 128
            Bensalem, PA 19020
            (215) 639-0801

Dated: September 24, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Natasha Liggins | : | CIVIL ACTION |
| v. | : | |
| Public Health Management Corporation | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 9/28/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1246 N. 53rd Street, Philadelphia, PA 19131

Address of Defendant: 1500 Market Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/28/2021  _____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify): _____*

**B. Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify): _____*
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 9/28/2021  _____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LIGGINS, NATASHA

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
PUBLIC HEALTH MANAGEMENT CORPORATION

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury | 380 Other Personal Property Damage | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | 385 Property Damage Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | 790 Other Labor Litigation | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | | **Other:** | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA (29USC2601); Title VII (42USC2000)

Brief description of cause:
Violations of the FMLA, Title VII, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/28/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____